

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 1, 2016

Joshua Robert Hanye
Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston MA 02210

> Re:   United States v. Christopher Rondeau
>          Criminal No. 16-cr-40019-TSH

Dear Attorney Hanye:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Christopher Rondeau ("Defendant"), agree as follows with respect to the above-referenced case:

1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information filed in this matter on April 15, 2016 charging him with: receipt and attempted receipt of child pornography, in violation of 18 U.S.C. §2252A(a)(2) and (b)(1). Defendant expressly and unequivocally admits that he committed the crime charged in count one of the Information, did so knowingly and intentionally, and is in fact guilty of that offense.

The U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. §2251 and 18 U.S.C. §2422 based on the conduct underlying the crime charged in this case, as set forth in the attached statement of facts.

Defendant agrees to the accuracy of the attached statement of facts.

2.    <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties pursuant to

1

the offenses charged in the Information: incarceration for not less than five years up to a maximum of 20 years; supervised release for a term of not less than five years, up to life; a fine of $250,000; a mandatory special assessment of $100; a further special assessment of $5,000 pursuant to 18 U.S.C. §3014; restitution; and forfeiture to the extent charged in the Information.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Indeed, because Defendant is pleading guilty to receipt and attempted receipt of child pornography, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender, and to keep that registration current, in the place where he resides, where he is employed, and where he is a student, pursuant to the Sex Offender Registration and Notification Act, and the laws of the state of his residence. Failure to do so may violate the terms of his supervised release and subject him to new criminal charges pursuant to 18 U.S.C. §2250.

3.     Fed. R. Crim. P. 11(c)(1)(C) Plea

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4.     Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

- in accordance with USSG §2G2.2(a)(2), Defendant's base offense level is 22;

- in accordance with USSG §2G2.2(b)(2), Defendant's offense level is increased by 2 because Defendant's offense involved depictions of a pre-pubescent minor;

2

- in accordance with USSG §2G2.2(b)(3)(B), Defendant's offense level is increased by 5 because Defendant's offense involved sharing of images of child pornography in exchange for other images which constitutes distribution for the receipt, or expectation of receipt, of a thing of value;

- in accordance with USSG §2G2.2(b)(4), Defendant's offense level is increased by 4 because images received and possessed by the Defendant depict sadistic or masochistic conduct;

- in accordance with USSG §2G2.2(b)(5), Defendant's offense level is increased by 5 because Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor by soliciting and/or obtaining pornographic images on multiple occasions from a minor;

- in accordance with USSG §2G2.2(b)(6), Defendant's offense level is increased by 2 because the offense involved the use of a computer;

- in accordance with USSG §2G2.2(b)(7), Defendant's offense level is increased by 5 because the offense involved 500 or more images; and

- in accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, the adjusted offense level is reduced by three.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a)   Fails to admit a complete factual basis for the plea;

(b)   Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

(c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d)   Fails to provide truthful information about Defendant's financial status;

(e)   Gives false or misleading testimony in any proceeding relating to the

3

criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f)     Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)      Transfers any asset protected under any provision of this Plea Agreement; or

(j)      Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.     Agreed Disposition

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a)     incarceration for a term of at least 60 months and not more than 120 months;

(b)     a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)     supervised release for a term of at least 60 months and not more than 120 months;

(d)     a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

(e)     a mandatory special assessment of $5,000 pursuant to 18 U.S.C. §3014, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so);

(f)     restitution as determined by the Court; and

(g)     forfeiture as set forth in Paragraph 7.

Within the sentencing range agreed to by the parties, the sentence to be imposed upon Defendant is within the discretion of the Court, subject to the provisions of the advisory USSG and the factors set forth in 18 U.S.C. §3553(a).

6.    Waiver of Right to Appeal and to Bring Future Challenge

(a)    Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255 or 28 U.S.C. §2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

(b)    Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge a sentence within the agreed-upon sentencing range (including any agreement relating to supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. §2255 and 28 U.S.C. §2241. Defendant also waives any right Defendant may have under 18 U.S.C. §3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

(c)    The U.S. Attorney agrees that she will not appeal the imposition by the Court of a sentence within the sentencing range agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

5

(d)     Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence

7.     Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a.     one black Compaq laptop Presario, Model Number CQ56-109WM, bearing serial number CNF0326WQY;

b.     one Western Digital external hard drive; and

c.     one black iPhone, Model Number A1387.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute any visual depiction described in sections 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18; and/or any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and/or any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to

forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

Defendant also agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.  Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Plea Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.  Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to an Apple iPhone, Model Number A1533, bearing serial number F18MKBQKFF9R, seized by, or turned over to, the Federal Bureau of Investigation on or about September 21, 2015, as to which, Defendant hereby acknowledges, Defendant received actual notice of administrative or civil judicial forfeiture proceedings on or about September 21, 2015.

## 8. Withdrawal of Plea By Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney.  In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

## 9. Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Plea Agreement.  Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement.  Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings,

7

written or oral, to the contrary.   In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

      10.     <u>Who Is Bound By Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

      11.     <u>Complete Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Mark J. Grady.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By:

Karin M. Bell
Chief, Worcester Branch Office

Mark J. Grady
Assistant U.S. Attorney

8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I received an offer by letter dated May 11, 2016 and rejected that offer. I further state that no additional promises or representations beyond this agreement have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the mandatory minimum and maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Plea Agreement is in my best interest.


Christopher Rondeau
Defendant

Date: 7/12/16


I certify that Christopher Rondeau has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter beyond the May 11, 2016 offer which was rejected in writing.


Joshua Robert Hanye
Attorney for Defendant

Date: 7/12/16


9

**Statement of Facts**

On September 21, 2015, the FBI executed a federal search warrant at the residence of

Christopher Rondeau ("Rondeau") in Worcester, Massachusetts. Upon entering the residence,

the agents and officers encountered two relatives of Rondeau. The two reported that Rondeau

lived in a room within the home.

Agents proceeded to the room identified as belonging to Rondeau. Once there,

Rondeau's relatives identified a black Compaq laptop, Samsung tablet, an iPhone, and a Western

Digital external hard drive, which belonged to Rondeau.

Thereafter, while some agents and officers remained to complete the search and to

conduct preliminary forensic analysis, an agent and TFO proceeded to Rondeau's place of

employment in Ashland, Massachusetts. There, the agent and TFO encountered Rondeau.

After being advised of his rights, Rondeau made a recorded statement to the agent and

TFO. In that statement, Rondeau told the agent and TFO, among other things, that he knowingly

obtained and downloaded, from the internet, images containing child pornography and that he

had also backed up the downloaded images and videos depicting child pornography to an

external hard drive. Rondeau further acknowledged that the black Compaq laptop, Samsung

tablet, external hard drive, and iPhone located in his room belonged to him and that no other

person in his residence had used those devices.

During their encounter with Rondeau, the agent and TFO recovered a second iPhone

from the person of Rondeau. Rondeau stated that there would be Kik Messenger chats

containing: (1) solicitations of images from a fourteen year old minor (hereinafter Juvenile

Victim -1 ("JV-1")); (2) images of child pornography obtained from those solicitations; and (3)

images of his genitals that he sent to that minor female on the phone. Rondeau further stated that

he had engaged in mutual masturbation in live video streaming chats on Skype and that he had made screen captures of JV-1 during those chats (though he had since deleted them). Rondeau went on to explain that he had met JV-1 while playing the "Party in my Dorm" App for iPhone.

Preliminary forensic review of the Compaq laptop computer retrieved from Rondeau's room, which Rondeau admitted was his, revealed the presence of over 1,700 files containing images and videos depicting child pornography and child erotica.

One such file is entitled, "1384274867446.jpg" and depicts a pubescent, approximately 11 to 14 year old female, nude, exposing her chest, vagina, and anus. She is lying on a white sheet and inserting a pink sex toy into her anus. She has no observable secondary sexual characteristics which develop at puberty, such as body hair.

A second such file is entitled, "taylor 5 - 5-126345933452.jpg," depicting a prepubescent, naked, female approximately three to six years old with her vagina and chest exposed sitting on a brown leather chair or couch. An adult male penis is present in lower right corner of image. A video game controller is also visible in the image.

**Chats and Images from Rondeau's Cellphone**

Agents have recovered Kik Messenger chats with JV-1 from the iPhone which was on

Rondeau's person at the time of his arrest.  JV-1 is a real minor child.

The recovered chats span from May 13, 2015 through September 16, 2015.  A sample of

the chats is detailed below:

| | |
|---|---|
| 5/23/15 02:25:51 (UTC) | Rondeau: Love you |
| 5/23/15 02:26:44 (UTC) | Rondeau: |
| |     Photograph of Rondeau's penis |
| 5/23/15 02:26:55 (UTC) | Rondeau: Before I go to bed  For you |
| 5/23/15 02:27:26 (UTC) | JV-1: Aw baby thanks |
| 5/23/15 02:27:47 (UTC) | Rondeau: Can I have one of you? |
| 5/23/15 02:29:27 (UTC) | JV-1: |
| |     Photograph of JV-1's vagina |
| 5/23/15 02:29:47 (UTC) | Rondeau: Mmm so sexy |
| 5/23/15 02:29:59 (UTC) | JV-1: Yea |
| 5/23/15 02:30:15 (UTC) | Rondeau: Will you shave it for our skype tomorrow? |
| 5/23/15 02:30:34 (UTC) | JV-1: yea I will baby |
| 5/23/15 02:32:43 (UTC) | Rondeau: I love you |
| 5/23/15 02:35:57 (UTC) | JV-1: I love u to |
| ... | |
| 5/24/15 03:30:13 (UTC) | JV-1: Do u feel like skyping |
| 5/24/15 03:30:25 (UTC) | Rondeau: in a few mins |
| 5/24/15 03:30:33 (UTC) | JV-1: Ok |
| ... | |
| 6/6/15 03:38:41 (UTC) | JV-1: |
| | Photograph of JV-1's vagina, finger spreading labia |
| ... | |
| 6/23/15 17:20:32 (UTC) | Rondeau: Are you at work now? |
| 6/23/15 17:34:51 (UTC) | Rondeau: I'm guessing you're busy, sorry for bothering you. |
| 6/23/15 19:48:34 (UTC) | JV-1: Its OK you can call me at xxx-xxx-xxxx |
| 6/23/15 20:12:04 (UTC) | Rondeau: I can when I get out of work |
| 6/23/15 20:13:45 (UTC) | Rondeau: Did you want me to call? Or Skype? |
| 6/23/15 20:26:49 (UTC) | JV-1: idk I'm going to work now |
| ... | |
| 6/24/15 19:44:18 (UTC) | Rondeau: Can you send me a pic baby? |
| 6/24/15 19:44:18 (UTC) | JV-1: Sure |
| 6/24/15 19:45:41 (UTC) | JV-1: |
| | Picture of JV-1 clothed depicting her face and shoulders |
| 6/24/15 19:46:02 (UTC) | Rondeau: You're beautiful |
| 6/24/15 19:46:36 (UTC) | JV-1: Thanks can you send me a picture |
| 6/24/15 19:59:14 (UTC) | Rondeau: |



|                          | Picture of Rondeau's face |
|--------------------------|---------------------------|
| 6/24/15 20:06:13 (UTC)   | JV-1: Your hot |
| 6/24/15 20:06:34 (UTC)   | Rondeau: Thans baby |
| 6/24/15 20:06:50 (UTC)   | JV-1: Your welcome baby |
| 6/24/15 20:08:04 (UTC)   | Rondeau: I can't wait to Skype you tonight |
| 6/24/15 20:08:41 (UTC)   | JV-1: Yea me to |
| …                        | |
| 6/24/15 20:13:49 (UTC)   | Rondeau: Can I see your body, baby? |
| 6/24/15 20:14:04 (UTC)   | JV-1: Why baby |
| 6/24/15 20:14:37 (UTC)   | Rondeau : Because I love looking at it |
| 6/24/15 20:16:11 (UTC)   | JV-1: How |
| 6/24/15 20:16:32 (UTC)   | Rondeau: I just do.  You have a sexy body. |
| 6/24/15 20:13:49 (UTC)   | JV-1: Thanks baby |
| …                        | |
| 6/25/15 00:11:17 (UTC)   | Rondeau: I just tried calling on skype |
| 6/25/15 00:14:16 (UTC)   | JV-1: I'm on Skype now |
| …                        | |
| 7/14/15 17:59:12 (UTC)   | JV-1:I miss you |
| 7/14/15 17:59:24 (UTC)   | Rondeau: I miss you too |
| 7/14/15 17:59:38 (UTC)   | JV-1: Can I see a picture of you |
| 7/14/15 18:00:00 (UTC)   | |
|                          | Picture of Rondeau's face |
| 7/14/15 18:01:00 (UTC)   | |
|                          | Picture of JV-1, clothed, depicting her face |
| 7/14/15 18:01:22 (UTC)   | JV-1: Luv u |
| 7/14/15 18:01:22 (UTC)   | Rondeau: You're gorgeous baby |
| 7/14/15 18:03:15 (UTC)   | JV-1: How |
| 7/14/15 18:03:24 (UTC)   | Rondeau: You just are |
| 7/14/15 18:03:50 (UTC)   | JV-1: Am I Perfect for u |
| 7/14/15 18:03:55 (UTC)   | Rondeau: You are |
| 7/14/15 18:04:01 (UTC)   | JV-1: Yea |
| 7/14/15 18:04:08 (UTC)   | JV-1: How |
| 7/14/15 18:06:22 (UTC)   | Rondeau: You're pretty, you make me laugh, you're sexy, you have an amazing body |
| 7/14/15 18:06:48 (UTC)   | JV-1: Yea |
| 7/14/15 18:18:05 (UTC)   | Rondeau: Can I see your body, baby? |
| 7/14/15 18:18:20 (UTC)   | JV-1: Why |
| 7/14/15 18:20:10 (UTC)   | Rondeau: Because I miss seeing it |
| 7/14/15 18:22:22 (UTC)   | JV-1: How do you miss seeing it |
| 7/14/15 18:23:26 (UTC)   | Rondeau: I just do |
| 7/14/15 18:23:34 (UTC)   | JV-1: How |
| 7/14/15 18:23:52 (UTC)   | JV-1: I miss seeing your body |
| 7/14/15 18:24:47 (UTC)   | Rondeau: I'll send you one when I get home |
| …                        | |
| 7/14/15 21:38:36 (UTC)   | JV-1: Yea can I see ur body |
| …                        | |

| 7/15/15 13:31:01 (UTC) | Rondeau: |
| | Photograph of Rondeau, nude, in mirror. |
| | Genitals cannot be seen. |
| 7/15/15 14:41:00 (UTC) | JV-1: Hot |
| 7/15/15 15:55:50 (UTC) | Rondeau: You never sent me one ☹ |
| 7/15/15 16:49:18 (UTC) | JV-1: Sorry |
| 7/16/15 01:03:32 (UTC) | JV-1: |
| | Photo of JV-1, nude, depicting front of JV-1's |
| | body from lower jaw to the genital area. |
| | Breasts and top of pubic area can be seen. |
| 7/16/15 11:27:00 (UTC) | Rondeau: God your body is perfect! |
| 7/16/15 13:35:10 (UTC) | JV-1: thx |
| 7/16/15 13:54:16 (UTC) | Rondeau: If only I could be there to enjoy it |
| 7/16/15 13:55:22 (UTC) | JV-1: Yea |
| 7/16/15 13:56:06 (UTC) | Rondeau: |
| | Photograph of Rondeau, nude from waist down, |
| | lifting shirt, penis is visible at bottom of photo |
| 7/16/15 13:56:31 (UTC) | JV-1: Hot |
| ... | |
| 7/16/15 13:57:05 (UTC) | JV-1: I dyed my hair |
| 7/16/15 13:57:26 (UTC) | JV-1: |
| | Photograph of JV-1, clothed, depicting face and hair |
| 7/16/15 13:59:33 (UTC) | Rondeau: Looks good baby |
| ... | |
| 7/16/15 14:14:20 (UTC) | Rondeau: Can I see your pussy baby? |
| ... | |
| 8/3/15 21:40:51 (UTC) | JV-1: I drank alcohol |
| 8/3/15 21:40:59 (UTC) | Rondeau: That's not too bad |
| 8/3/15 21:41:17 (UTC) | JV-1: I'm 14 I'm underage |
| 8/3/15 21:41:45 (UTC) | Rondeau: We've all done shit l ke that at that age. I was younger |
| | the first time I drank and smoked. |
| ... | |
| 8/3/15 21:43:39 (UTC) | JV-1: Can you skype me tonight. |
| ... | |
| 8/3/15 21:45:08 (UTC) | Rondeau: Yeah, I can |
| ... | |
| 8/3/15 22:56:45 (UTC) | Rondeau: |
| | Photograph of Rondeau's penis |
| 8/3/15 22:56:54 (UTC) | JV-1: Nice |
| ... | |
| 8/3/15 23:41:09 (UTC) | JV-1: Cool I'm bored |
| 8/3/15 23:45:21 (UTC) | Rondeau: That sucks |
| 8/3/15 23:45:32 (UTC) | JV-1: Yea |
| 8/3/15 23:46:13 (UTC) | Rondeau: You could always take some pics for me |
| 8/3/15 23:47:10 (UTC) | JV-1: why |
| 8/4/15 00:00:03 (UTC) | Rondeau: Because I like looking at you. |

| 8/4/15 00:03:36 (UTC) | JV-1: How |
| 8/4/15 00:04:26 (UTC) | Rondeau : I just do.  You're sexy. |

...

| 8/17/15 21:14:23 (UTC) | JV-1: You have a daughter |
| 8/18/15 10:12:22 (UTC) | Rondeau: Yes, I do. |
| 8/19/15 00:14:10 (UTC) | JV-1: Why didn't you tell me |
| 8/19/15 13:28:46 (UTC) | Rondeau: Why didn't you tell me your real age? |
| 8/19/15 13:58:51 (UTC) | JV-1: Didn't I tell you my real age |
| 8/19/15 14:55:06 (UTC) | Just recently when you said you were drinking.  You lied from the start. |
| 8/19/15 15:14:00 (UTC) | JV-1: Ok I'm sorry |