UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:16-CR-40019-TSH |
| | ) | |
| | ) | |
| CHRISTOPHER RONDEAU | ) | |

**DEFENDANT'S LIST OF AUTHORITY IN OBJECTION TO
THE FIRST, THIRD, AND FOURTH SENTENCES OF
PROPOSED SPECIAL CONDITION NUMBER 9**

Now comes Mr. Rondeau and submits the authority below in support of his objection to the first, third, and fourth sentences of Proposed Special Condition Number 9. The first sentence requires prior permission of the probation office before possessing or using computer or internet-capable device. The third prohibits him from using chat rooms, instant messages, or e-mail attachments without prior approval, regardless of content. The fourth sentence prohibits the defendant from using any "sex-related telephone services, websites, or electronic bulletin boards."

Mr. Rondeau does not object to additional significant restrictions on internet use contained in Proposed Special Conditions 7, 8, 10, and 11, including monitoring software. He also does not object to Proposed Special Conditions 6 (sex offender treatment, testing, polygraphs), 12 (no contact with children under 18), 13 (disclosure of restrictive conditions to employer), and 14 (prior approval of Probation Office necessary for employment).

United States v. Hinkel, 2016 U.S. App. LEXIS 17142 (1st Cir. September 20, 2016): The First Circuit struck conditions nearly identical to the ones at issue here. The government argues that Hinkel does not control because Rondeau's use of the internet was particularly sophisticated. Mr. Rondeau's use of the dark web through the Tor browser was not sophisticated. The Tor browser is available free to anyone.  See https://www.torproject.org/projects/torbrowser.html.en. When using the Tor browser, illicit websites are accessible once a person knows a particular address. These addresses are sent and posted as links which are accessed by clicking on them. Mr. Rondeau's use of the Tor browser is indicative of his intent, but not of any level of internet sophistication. He has no education, training, or work experience in computers. Additionally, his contact with the minor victim in this case was through the commonly used apps Skype and Kik without any attempt to hide his identity. There is thus no material distinction in internet use between Mr. Rondeau and Hinkel, who arranged to have sex with a 15-year-old by responding to an ad posted online. In rejecting the requested conditions in Hinkel, the Court noted the importance of the other relevant restrictions, concluding that "further banning Hinkel from even monitored internet access provides too little benefit to outweigh what we increasingly view as a serious and severe imposition." Hinkel at 31.

18 U.S.C. § 3583(d)(2): Discretionary conditions of supervised release may only be ordered if they involve "no greater deprivation of liberty than is reasonably necessary for the purposes" of sentencing. In light of the other agreed conditions, and the necessity of internet use in daily life, the defense submits that the objected-to conditions are not "reasonably necessary."

United States v. Stergios, 659 F.3d 127 (1st Cir. 2011): The Court upheld a condition requiring prior approval of Probation before using the internet. It is unclear if prior approval was required before obtaining an internet capable device. Regardless, the case is distinguishable from the present facts for the same reason it was distinguishable in Hinkel. Stergios was "repeat offender" with "a history of improperly using the internet to engage in fraud." Stergios at 135; Hinkel at 32. Stergios had a prior conviction in which he used the internet to commit fraud. Like Hinkel, "there is no contention that [Rondeau] has such a recidivist history or that he has already violated conditions of release." Hinkel at 32.

United States v. Freeman, 316 F.3d 386 (3rd Cir. 2003): The Third Circuit that requiring prior probation approval for possessing or using a computer was "overly broad" in case in which the defendant stored child pornography on his laptop. Id. at 391-392.

United States v. Johnson, 446 F.3d 272 (2nd Cir. 2006): The Second Circuit upheld an absolute ban on internet use, absent approval from the District Judge, where defendant was in denial about the risk of re-offending, was in fact a high risk of re-offending, and was a sophisticated computer user and experienced engineer. Id. At 282-283. Mr. Rondeau presents none of these concerns.

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 13, 2016.

                                                      _/s/ Joshua Hanye_  
                                                      Joshua Hanye